## Chicago Railway Equipment Company, Appellant, v. National Hollow Brake Beam Company, Appellee.

### Gen. No. 15,948.

APPEALS AND ERRORS. The Appellate Court overruled a plea of release of errors founded on acceptance by defendant, the appellant, of money under a decree ordering such reception to be without prejudice to a right of appeal. Four days after this decree had been entered a decree was entered on a cross-bill ordering the defendant to receive the same money without prejudicing its right to appeal, and finding other issues in favor of complainant who appealed, assigning error in the refusal to dismiss the cross-bill, for want of equity, and in the entering of the decree for such money, and in permitting its reception to be without prejudice to a right to appeal. *Held*, the question had become at most academic, and that any technical error in not dismissing the cross-bill was harmless.

Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 7, 1912. *Certiorari* denied by Supreme Court (making opinion final).

H. H. C. MILLER and W. S. OPPENHEIM, for appellant.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL and RANDOLPH LAUGHLIN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This appeal is practically an adjunct of the cause No. 16001 in this court, in which a decision has been contemporaneously rendered and an opinion handed down. In that opinion, the plea of release of errors

572 · APPELLATE COURTS OF ILLINOIS.

Chicago Ry. E. Co. v. National H. B. B. Co., 173 Ill. App. 595.

by the Equipment Company, founded on the acceptance by the Beam Company, the appellant, under the decree of the court below of certain sums of money awarded to it by that decree, was noticed. The plea had on full consideration been overruled, and in the final disposition of the case we again approved the action of the Chancellor in expressly allowing the reception of the money by the Beam Company under his decree to be without prejudice to the Beam Company's right of appeal. (See *post*, p. 595.)

The Beam Company, however, had filed in the cause a cross-bill, and on May 25, 1909, four days after the decree on the original bill was rendered, the Chancellor entered a decree on the cross-bill, reciting those portions of the decree of May 21st on the original bill which pertained to the payments aforesaid, declaring that the court "doth again find (based solely upon said former adjudication) that the Equipment Company was on May 21, 1909, so indebted to the Beam Company," and ordering the Clerk of the Court, to whom the money had been paid by the Equipment Company, to pay it to the Beam Company, without prejudice to the right of the Beam Company to appeal from the decree. The decree found the other issues of the cross-bill in favor of the Equipment Company, and the Beam Company has appealed from that portion of the decree.

The Equipment Company, objecting to so much of the decree as allowed the Beam Company to receive said sums of money without prejudice to its right of appeal, appealed to this court and assigns as error:

1. That the court erred in not dismissing the cross-bill for want of equity.

2. That the court erred in entering a decree against appellant for $38,891.50.

3. That the court erred in ordering that the appellee should receive the said sum of $38,891.50 without prejudice to its right of appeal.

In its argument in this court the appellant says:

The decree's "main object was to violate the right of appellant to plead a release of errors to the appeal taken by the Beam Company from the decree of May 21, 1909," and again: "The only excuse for the entry of the decree was to enable the Beam Company to attempt to defeat the plea of the release of errors by showing that it had taken this money, not under the terms of the decree ordering its payment, but by virtue of an independent decree."

It will be quite evident, therefore, that in view of our holdings in the appeal from the decree on the original bill, the question in this cause has become at the most academic, and that if there was any technical error in not dismissing the bill for want of equity, it was harmless.

The decree in the particulars urged against it in this appeal is affirmed.

*Affirmed.*